# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYETTA HOPPER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, Commissioner )<br>of the Department of Social Security, )<br>)<br>Defendant. ) | Case No. CIV-04-1038-M |

## ORDER

Before the Court is plaintiff's attorneys' Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b), filed August 12, 2006. On September 1, 2006, defendant filed her response. On September 14, 2006, plaintiff's attorneys filed their reply, and on September 22, 2006, defendant filed her surreply. Upon review of the parties' submissions, the Court makes its determination.

On August 1, 2005, this Court entered a judgment in favor of plaintiff, reversing the Administrative Law Judge's decision and remanding the case for further proceedings. Plaintiff filed an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), and on November 16, 2005, the Court awarded attorney fees pursuant to the EAJA in the amount of $3,062.70. On remand, the Social Security Administration issued a decision finding that plaintiff had been disabled since December, 2000 and awarding past due benefits in the total amount of $28,321.20. Plaintiff's attorneys now move this Court, pursuant to 42 U.S.C. § 406(b), to approve an award of attorney fees in the amount of $4,687.45.

Section 406(b) provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of

> the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The United States Supreme Court has concluded:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal citation omitted). Further,

> [i]f the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 808 (internal citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that an award of $4,687.45, which is less than twenty-five percent of plaintiff's past due benefits awarded, is reasonable for the services plaintiff's attorneys rendered in this case. In her response, the Commissioner of Social Security asserts that the aggregate total of fees awarded for services at both the administrative and judicial levels, i.e., under § 406(a) and § 406(b), cannot exceed twenty-five

percent of plaintiff's past due benefits.[1]  Having reviewed the parties' submissions, the statutory language, and the case law, the Court finds no such prohibition to the aggregate total of fees awarded for services at both the administrative and judicial levels, at least where, as in the case at bar, the claimant is not represented by the same attorneys before both the agency and the district court, is applicable.  As the Supreme Court has found, "[t]he statute deals with the administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794.  Thus, the Court finds that to determine the limits for an award of fees pursuant to § 406(b), the Court should rely on § 406(b) without any reference to § 406(a).  Section 406(b) simply provides that the fee should not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled" and does not limit the fee in any respect based upon any fee awarded pursuant to § 406(a).

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's attorneys' Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [docket no. 25] and, pursuant to 42 U.S.C. § 406(b), AWARDS plaintiff's attorneys an attorney fee in the amount of $4,687.45, to be paid out of the past due benefits plaintiff received by reason of the judgment in this case.  The Commissioner of the Social Security Administration shall pay directly to plaintiff's attorneys, Troutman & Troutman, P.C., Tax ID No. 73-1487089, the $1,624.75 currently being withheld for such purpose.  Pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), plaintiff's

---

[1] The Social Security Administration withheld $6,924.75, twenty-five percent of the past due benefits, to pay attorney fees; $5,300 was paid to plaintiff's agency representative pursuant to § 406(a).  Plaintiff's attorneys in this case were not plaintiff's agency representative.

attorneys will offset the $3,062.70 in EAJA fees previously awarded against the $4,687.45 in § 406(b) fees hereby awarded.

**IT IS SO ORDERED this 4th day of April, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE