**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARYETTA HOPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1038-M |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is defendant's Motion to Alter or Amend Order, filed April 16, 2007. Plaintiff has filed no response.

Pursuant to Federal Rule of Civil Procedure 59(e), defendant moves this Court to alter or amend its April 4, 2007 Order as follows: (1) by removing all references indicating that plaintiff's attorney has the authority to keep plaintiff's Equal Access to Justice Act ("EAJA") fee award, and (2) by limiting the 42 U.S.C. § 406(b) fee award in this case to no more than $1,624.75, the balance of the 25% of past-due benefits. Additionally, defendant moves this Court to stay the enforcement of its April 4, 2007 Order until after the Tenth Circuit issues its decision in *Wrenn obo Wrenn v. Barnhart*, No. 06-7088 ("*Wrenn*").

Grounds warranting a motion under Federal Rule of Civil Procedure 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204

---

[1] Effective February 1, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as defendant in this action.

F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Defendant asserts the controlling law does not permit this Court to order how the EAJA fees should be applied when it is deciding a reasonable § 406(b) award. Having carefully reviewed the controlling case law, the Court finds that it is clear that if counsel is awarded fees under both the EAJA and § 406(b), counsel <u>must refund</u> the smaller amount to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Since the controlling law requires counsel to refund the smaller fee award to the claimant, the Court finds that based upon this law, the Court did not have the authority to direct plaintiff's counsel to offset the EAJA fee award against the § 406(b) fee award. Accordingly, the Court finds that its April 4, 2007 Order should be amended by removing all references indicating that plaintiff's attorney has the authority to offset plaintiff's EAJA fee award against the § 406(b) fee award.

Defendant also asserts the Court's ruling that the law did not prohibit an aggregate award of § 406(a) and § 406(b) fees to exceed 25% of plaintiff's past-due benefits, at least where, as in the case at bar, the claimant is not represented by the same attorney, conflicts with prior case precedent. Having carefully reviewed defendant's motion, the Court finds that it did not misapprehend the controlling law and that this Court's holding that the statutory language and the case law did not prohibit an aggregate award is correct. Accordingly, the Court finds that its April 4, 2007 Order should not be amended to limit the § 406(b) award in this case to no more than $1,624.75, the balance of the 25% of past-due benefits.

Finally, defendant requests this Court stay the enforcement of the April 4, 2007 Order until after the Tenth Circuit issues its decision in *Wrenn*. Because the *Wrenn* case likely will be dispositive of whether an aggregate award is prohibited, and because the *Wrenn* case is ripe for a decision at any time, the Court finds that, in the interest of justice, the enforcement of this Court's April 4, 2007 Order should be stayed until after the Tenth Circuit issues its decision in *Wrenn*.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Alter or Amend Order [docket no. 35] as follows:

(1) The Court GRANTS the motion to alter or amend order as to that portion of the April 4, 2007 Order indicating that plaintiff's attorney has the authority to offset plaintiff's EAJA fee award against the § 406(b) fee award and hereby STRIKES the last sentence of the Court's April 4, 2007 Order [docket no. 33].

(2) The Court DENIES defendant's motion to alter or amend order as to the Court's ruling that the law did not prohibit an aggregate award of § 406(a) and § 406(b) fees to exceed 25% of plaintiff's past-due benefits.

(3) The Court STAYS the enforcement of the April 4, 2007 Order until after the Tenth Circuit issues its decision in *Wrenn*.

**IT IS SO ORDERED this 22nd day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE